Dewey, J.,
delivered the opinion of the Court.
The defendant objects to the directions of the judge, because, he says, that, by the terms of the agreement entered into between him and his associates, it was expressly stipulated that no more than $1000 dollars should be paid on each share, and that, having paid that sum, he is not liable to pay any additional expenses ; that the company did not direct the plaintiff to advance more money for them; but to raise it by the sale of additional shares.
Under the original agreement, had nothing more been done by the defendant, he could not be compelled to contribute towards any expenses incurred beyond the amount raised by the subscription. If that sum proved insufficient to accomplish the proposed object, he had a right to say he would be no further answerable for any expenditures that might be made ; and the act of a majority of those concerned could not operate to make him chargeable.
*20 But, when the defendant and the other owners were informed by their agent, the plaintiff, that the money raised on the original shares was wholly expended, and that more was necessary to fit the vessel for a cruise, they directed the plaintiff to make new shares, to raise money upon them, and to get the vessel to sea as soon as possible They did not direct him to detain the vessel until the new shares were sold, and the money realized ; but to get her to sea as soon as possible. In pursuance of these instructions the plaintiff, by advancing his own money, sent the vessel to sea, but was unable to sell any more shares.
We are all satisfied, that the directions given to the jury were perfectly correct; that, if the defendant consented to the sail-[*14] ing of the vessel, knowing at the time that the whole * expense was not covered by the shares then subscribed at $ 1000 on each share, he was liable to the plaintiff for his proportion of the money advanced above the amount of the shares subscribed for. And we think the facts stated in the case sufficient to justify the finding of the jury.
The plaintiff does not appear to have been a party to the original agreement, nor to have had any interest in the vessel; being only the agent of the company. The defendant was present when notice was given to the owners that the money raised on the original shares was expended, and when the plaintiff was directed to get the vessel immediately to sea ; and it might well be presumed by the jury that she sailed with the consent of the defendant, and that he had a full knowledge of the deficiency of the subscriptions to defray the expense.
On these grounds it is just and reasonable that the plaintiff should recover of the defendant his proportion of the money advanced for him ; it having been found to be impracticable to obtain it in the way proposed. Judgment is, therefore, to be entered according to the verdict.†

 Helme vs. Smith, 7 Bing. 709.